IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **JEANNE E. MANCUSO,** on behalf of herself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 05-0136-CV-W-GAF ) ) |
| **LONG BEACH ACCEPTANCE CORP.,** | ) ) |
| Defendant. | ) |

## SUGGESTIONS IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

### I. Introduction

This class action, brought by plaintiff Jeanne Mancuso, on behalf of herself and all others similarly situated, was filed in the Circuit Court of Jackson County, Missouri on December 28, 2004, and served on defendant Long Beach Acceptance Corp. on January 19, 2005. On February 11, 2005, defendant served and filed a Notice of Removal. Pursuant to 28 U.S.C. § 1447(c), plaintiff Jeanne Mancuso, on behalf of herself and all others similarly situated, has moved to remand the case to state court because this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, in that the amount in controversy does not exceed $75,000.

Plaintiff brought this class action against defendant seeking statutory damages pursuant to § 400.9-625 RSMo for defendant's violation of UCC Article Nine presale notice requirements. Her Petition is based on the defective form notice defendant sends to consumers when it repossesses their cars. Because the relief sought for each class member does not meet the $75,000 jurisdictional threshold in 28 U.S.C. § 1332, federal jurisdiction is lacking and the plaintiff accordingly requests this Court to remand the case to state court.

## II. Argument

Under 28 U.S.C. § 1441, an action may be removed to federal court if the district court has original jurisdiction. Defendant claims diversity jurisdiction under 28 U.S.C. §1332 as its basis for removal. That section provides federal jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of different States." Plaintiff does not contest diversity of the parties. She does contend, however, that defendant has failed to prove there is $75,000 in controversy.

### A. Burden of Proof

Defendant, as the party seeking to invoke federal jurisdiction, has the burden of establishing it. *Trimble v. Asarco, Inc*., 232 F.3d 946, 959 (8th Cir. 2000). All doubts concerning federal jurisdiction are to be resolved in favor of remand. *Transit Casualty Co. v. Certain Underwriters at Lloyds of London*, 119 F. 3d 619, 625 (8th Cir. 1997). In other words:

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when a plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.

*Martin v. Franklin Capital Corporation*, 251 F.3d 1284, 1289-90 (10th Cir. 2001) [quoting from *Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1095 (11th Cir.1994)]. Defendant has come forth with no evidence as to the value of any individual class member's claim. On the contrary, the pleadings clearly show that the named plaintiff's claim falls far short of the threshold. Defendant's attempt to meet its burden *via* plaintiff's prayer for attorneys' fees flies in the face of clear Eighth Circuit precedent.

### B. The Jurisdictional Amount In Controversy Is Not Met In This Case.

Defendant's claim that over $75,000 is at stake is grounded in defendant's view of the

plaintiff's prayer for attorneys' fees, made on her own behalf and on behalf of the other class members. Defendant concludes that class certification would result in an aggregate amount of fees "awarded to plaintiff's attorneys" over $75,000.00.[1]

But whether or not a class is certified has no bearing on the question at hand, because diversity jurisdiction either stands or falls on the amount in controversy between defendant and the named plaintiff. *Kessler v. National Enterprises, Inc.*, 347 F.3d 1076, 1080 (8th Cir. 2003) ("fees 'cannot be aggregated to meet the amount-in-controversy requirement,' *Crawford,* 267 F.3d at 767, and must be determined on a pro rata basis…. the claims of unnamed class members cannot serve as a basis for satisfying the amount-in-controversy requirement.")[2]

Defendant contends plaintiff seeks "unspecified" statutory damages. This is not quite the case. In paragraph 17 or her Petition, plaintiff seeks the statutory damages imposed by § 400.9-625(c)(2) RSMo for UCC violations, of "not less than the credit service charge plus ten percent of the principal amount of the obligation or the time-price differential plus ten percent of the cash price." The statutory formula is further alluded to in the prayer at subparagraph d).

Attached to the Petition in Exhibit A is plaintiff's installment purchase contract. It discloses a time-price differential, i.e., a "finance charge", of $9,026.00 and a cash price of $20,657.00 for the vehicle. Applying the statutory formula to these numbers results in a statutory damages claim of $11,091.70. This is less than the damages sought by any of the named plaintiffs in *Kessler, supra*. Even assuming an attorneys' fee award of 50% of the foregoing amount, as sought in *Kessler*, the named plaintiff's claim in this case still falls far short

---

[1] Defendant points to no fee-shifting statute or legal theory in support of this contention.

[2] Even if claims of unnamed class members could be considered, defendant has come forward with nothing to show the amount of any unnamed class member's claim. Defendant does not contend, nor could it, that attorneys' fees approaching anywhere near $75,000.00 could be attributable to each class member's individual claim.

3

of the $75,000.00 jurisdictional threshold.

## Conclusion

Defendant has failed to meet its burden of proving the jurisdictional amount required by Section 1332. Defendant has not shown, or even attempted to show, that the named plaintiff's - or, indeed, any class member's - claim could possibly meet that section's threshold amount. Defendant's impermissible attempt aggregate attorneys' fees cannot support removal. Plaintiff therefore respectfully requests this Court to grant her motion to remand this case to state court.

Dated: February 18, 2005            Respectfully submitted,

                                         **SLOUGH, CONNEALY, IRWIN & MADDEN, LLC**

                                         By:  /s/  Dale K. Irwin
                                                 Dale K. Irwin              #24928
                                                 1627 Main Street, Suite 900
                                                 Kansas City, Missouri 64108
                                                 (816) 531-2224
                                                 (816) 531-2147 (fax)
                                                 dirwin@scimlaw.com

                                                 and

                                                 Paul Matthew Tancredi      #54105
                                                 5309 Woodland
                                                 Kansas City, MO 64110
                                                 816-444-5400
                                                 816-444-5462 (fax)
                                                 pmt-lawyer@sbcglobal.net

                                                 **Attorneys for Plaintiff**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was electronically filed with the United States District Court and a copy of the Notice of Electronic Filing of the above document was transmitted via e-mail this 18th day of February, 2004, to:

Jeffrey J. Simon
Leonard L. Wagner
George E. Kapke, Jr.
Husch & Eppenberger, LLC
1200 Main Street, Suite 1700
Kansas City, Missouri 64105
jeff.simon@husch.com
ted.kapke@husch.com
Attorneys for Defendant

                                              /s/ Dale K. Irwin