IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JEANNE E. MANCUSO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-0136-CV-W-GAF |
| | ) |
| LONG BEACH ACCEPTANCE CORP., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Presently before the Court is Plaintiff Jeanne E. Mancuso ("Mancuso")'s Motion to Remand her cause of action against Defendant Long Beach Acceptance Corp. ("Long Beach") to state court. Mancuso originally filed a lawsuit against Long Beach in the Circuit Court of Jackson County in Kansas City, Missouri. In the state court petition which was brought on behalf of herself and all other persons similarly situated, Mancuso alleged violations of UCC Article 9 as codified in Missouri Statute § 400.9-614 for serious and misleading misstatements regrading debtors' redemption rights. The suit arose from Long Beach's repossession of a car which Mancuso had purchased in 2002. Long Beach removed the action to this Court pursuant to 28 U.S.C. § 1441. According to Long Beach, this Court has jurisdiction under 28 U.S.C. § 1332 because both plaintiff and defendant are citizens of different states and that the amount in controversy exceeds $75,000. Mancuso now seeks to remand the case to the Circuit Court of Jackson County, in Kansas City, Missouri, arguing that the damages sought do not exceed $75,000.

Cases filed in state court may be removed to federal court if the case would have been within the original jurisdiction of the federal courts. See 28 U.S.C. § 1441(a). If there is no original jurisdiction over

1

the case, the matter must be remanded to state court. The burden of demonstrating removal jurisdiction falls upon the party seeking removal. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); In re Bus. Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993). That means, in a diversity action, the party seeking removal to federal court must establish that there exists complete diversity among the parties and that the amount in controversy prerequisite is satisfied. See 28 U.S.C. § 1332(a). In diversity cases where the amount in controversy is the only issue with regard to subject matter jurisdiction, the party invoking federal jurisdiction must establish by a preponderance of the evidence that the claims originally asserted are legally capable of satisfying the amount in controversy requirement. Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).

There is no question that diversity exists in this case. Mancuso is a resident of Missouri who resides in Kansas City, Missouri. Long Beach is incorporated in Delaware and has its principle place of business in New Jersey. Additionally, Long Beach contends that the amount in controversy requirement for diversity jurisdiction is satisfied. Mancuso, however, argues that her damages do not exceed the $75,000 requirement and, therefore, diversity jurisdiction does not exist. Long Beach contends that, in light of the allegations in Mancuso's petition, there amount in controversy exceeds $75,000.

In support of her motion to remand, Mancuso asserts that her claim for damages is limited to $11,091.70 under the statutory formula contained in Section 400.9-625(c)(2). Long Beach does not dispute this, but instead contends that subject matter jurisdiction is proper, because Mancuso seeks other relief in addition to the statutory damages under Section 400.9-625. Specifically, Long Beach argues that the requests in Mancuso's petition for injunctive relief and attorneys' fees are evidence that the amount in controversy in this case exceeds the requisite amount.

The Court finds Long Beach's argument with regard to injunctive relief to be unpersuasive. Long Beach has offered no convincing or developed argument with regard to the possible impact of the granting of injunctive or declaratory relief in this matter. There is no dispute that the amount in controversy requirement can be measured by the value of the object of the litigation when declaratory or injunctive relief is sought. Hunt v. Washington, 432 U.S. 333, 347 (1977). As stated before, however, the burden of demonstrating subject matter jurisdiction falls upon the party removing the action. McNutt, 298 U.S. at 189. Further, "all doubts in favor of remand are to be resolved in favor of remand." Transit Casualty Co. v. Certain Underwriters at Lloyds of London, 119 F.3d 619, 625 (8th Cir. 1997). In support of the contention that the injunctive relief would aid in reaching the amount in controversy requirement, Long Beach merely states that Mancuso is seeking declaratory and injunctive relief. No facts are offered and no argument is developed that would be sufficient to overcome the presumption in favor of remand.

Long Beach also contends that Mancuso's claim for attorneys' fees will exceed the $75,000 amount regardless of the other relief sought. The dispute here centers around the allocation of the attorneys' fees that could be awarded to the class if the plaintiffs are successful on the claims against Long Beach. As a general rule, the distinct claims of class members for actual damages "may not be aggregated to satisfy the amount in controversy requirement for diversity jurisdiction." Kessler v. National Enterprises, Inc.,(8th Cir. 2003). An exception to this rule, however, is that the amount of the claims may be aggregated "when class members sue jointly to enforce a common title or right to which they have a common and undivided interest. Id.

Mancuso asserts that the status of class certification has no bearing on the amount in controversy requirement because diversity jurisdiction is dependent upon amount in controversy between the named

3

plaintiff and the defendant.  Indeed, in Kessler v. National Enterprises, a group of condominium owners brought a state court class action seeking a recision of time-share purchase agreements.  347 F.3d 1076.  Following removal, judgement, and several appeals, National Enterprises argued finally that federal subject matter jurisdiction was lacking because the owners could neither satisfy the amount in controversy individually nor aggregate their claims in order attain the requisite amount.  Although the Eighth Circuit ultimately concluded that it was proper to consider fees in determining the amount in controversy, it also held that a court's consideration of the fees must be on a *pro rata* basis.  Id. at 1080.

In an attempt to distinguish this case from the Eighth Circuit's ruling in Kessler, Long Beach asserts that the fees at issue in that case were statutorily required to issue on a *pro rata* basis.  Long Beach argues that, in contrast to the circumstances in this case the reasoning in Kessler is inapplicable here because Mancuso's claim for attorneys' fees must be based upon equitable principles as she has asserted no statutory basis for her for the fees.  In asserting that attorneys' fees as for the class should be counted as a single sum toward the amount in controversy requirement, Long Beach contends that the common-fund doctrine should apply.  This Court disagrees.

Long Beach's argument is premised upon its reading of Boeing v. Van Gemert, 444 U.S. 472 (1980).  In Boeing, the plaintiffs brought a class action suit claiming the defendant had violated federal and state laws by failing to provide adequate notice for the redemption of certain convertible debentures.  444 U.S. at 474.  The plaintiffs prevailed in the action and received a award of damages for the class as a whole.  The district court fixed the amount of damages that each class member could recover.  Id. at 475-76. That amount included a proportionate share of the total amount allowed for attorneys' fees, expenses

4

and disbursements. Id. at 476. A special master was then appointed to administer the fund on the basis of the individual claims. Id.

The issue before the Supreme Court on appeal was whether a proportionate share of attorneys' fees could be assessed against unclaimed portions of the fund created by the judgment. Id. at 473. The Court announced three factors that distinguish the use of the common-fund doctrine from cases in which fee shifting is inappropriate. Id. at 478. First, the benefitted class must be small in number and easily identifiable. Id. at 478-79. Second, the court must be able to trace the benefits with some accuracy. Id. at 479. Finally, there must be "reason for confidence that the costs [of litigation] could indeed be shifted with some exactitude to those benefitting." Id. The Court upheld the district court's award of attorneys' fees from the total amount of the class action judgment. In so doing, the Court proclaimed that the application of the common-fund doctrine was proper because "the benefits of the class recovery have been 'traced with some accuracy' and the costs of recovery have been 'shifted with some exactitude to those benefitting.'" Id. at 480-81.

The instant case is clearly distinguishable from Boeing in that common-fund doctrine is wholly inapplicable in this case. Unlike Boeing, which dealt with conduct by the defendant that resulted in the award of a single, identifiable fund created by a judgment, this case involves statutory damages that would be awarded to each individual claimant. Further, Long Beach has already conceded that the statutory damages cannot be aggregated to satisfy the amount in controversy requirement. As such, any argument that the attorneys' fees assessed against each class member's proportionate share should be aggregated to satisfy diversity jurisdiction must necessarily fail.

5

This Court finds that Long Beach has failed to establish by a preponderance of the evidence that the amount in controversy is legally capable of exceeding $75,000. Accordingly, Mancuso's motion to remand is hereby GRANTED.

**IT IS SO ORDERED**.

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: June 23, 2005